445 A.2d 757

**COMMONWEALTH of Pennsylvania,**

v.

**Morris J. DAVID, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1979.

Filed May 14, 1982.

286

Leonard P. Klavonic, Aliquippa, for appellant.

John Lee Brown, Jr., Assistant District Attorney, Aliquippa, for Commonwealth, appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

CERCONE, President Judge:

This is a direct appeal from a judgment of sentence. Appellant was convicted on two counts of gambling.[1] Post-verdict motions were timely filed and denied. Appellant was thereafter sentenced to a year's probation. This appeal followed.

Appellant contends that the lower court erred when it failed to suppress all the evidence seized pursuant to a search warrant which issued the day of his arrest. He contends that the search warrant was invalid because the information contained in the affidavit was "stale" and hence there was no showing of probable cause to support its issuance. We agree and therefore reverse appellant's conviction and remand for appropriate action below.

On February 27, 1978, Trooper Edward Chelen learned from a confidential informant that appellant was conducting an illegal card game in the basement of his residence. The informant claimed to have participated with regularity over the preceding three months. The card games were said to take place every Sunday and Tuesday. The following day, Tuesday, February 28, Trooper Chelen staked out appellant's home. That evening he observed the arrival of seven cars, each containing but one occupant. License checks revealed

1. 18 Pa.C.S. §§ 5513(a)(2)-(4).

that the owners of two of the vehicles were convicted gamblers. In succeeding weeks, Trooper Chelen conducted two illegal "searches" of the premises. On March 21, Trooper Chelen swore out an application for a search warrant authorizing a nighttime search of appellant's home. The affidavit in support of the application included the information obtained on February 27 and 28, as well as that garnered as a result of the illegal "searches". The magistrate issued the warrant and it was executed that same evening. Minutes prior to the execution of the warrant Trooper Chelen again peeked through the shuttered window and observed appellant and several other men playing cards. Trooper Chelen and several other officers then went to appellant's door and executed the search warrant.

In his pre-trial motion to suppress the evidence seized during the search, appellant contended that the warrant was issued without probable cause. First he contended that the confidential informant's information was insufficient because of its remoteness and staleness. Secondly, he argued that some of the information was illegally obtained by Trooper Chelen. The suppression court ruled that, indeed, Trooper Chelen had illegally obtained some of the information relied on in the affidavit supporting the warrant and struck that information from the affidavit and otherwise ordered it suppressed. The court refused to rule, however, that the sanitized affidavit was insufficient to establish probable cause for the warrant's issuance. Appellant raised the staleness argument again in his post-verdict motions along with several evidentiary questions. On appeal, we are presented with these evidentiary questions as well as the staleness issue. We need not discuss the propriety of the court's evidentiary rulings since we find the staleness problem dispositive of the case.

The information not stricken from the affidavit in support of the search warrant is that provided by the confidential informant on February 27 and by Trooper Chelen's observations on February 28. Thus, the question before us is whether information concerning allegedly continuous crimi-

nal activity becomes stale with the lapse of twenty-one days, where the affidavit contains no indication of continuing criminal activity legally obtained. We now hold that such information is stale and will not support the issuance of the search warrant because there was no probable cause.

In *Commonwealth v. Eazer*, 455 Pa. 320, 312 A.2d 398 (1973), the Pennsylvania Supreme Court held a sixty-one day hiatus too long to support a finding of probable cause where there was no supporting evidence of continuing activity. *Eazer* dealt with evidence pertaining to an illegal lottery operation. In *Commonwealth v. Suppa*, 223 Pa.Superior Ct. 513, 302 A.2d 357 (1973) this Court held that a lapse of sixteen days was too long to justify a finding of probable cause. *Suppa* also involved an illegal lottery. We noted there that the mere passing of time is itself alone not sufficient to determine the question of staleness. See also *Commonwealth v. Novak*, 233 Pa.Superior Ct. 236, 335 A.2d 773 (1975). The nature of items sought and their quantity is also important. See *Commonwealth v. Suppa, supra; Commonwealth v. Jones*, 229 Pa.Superior Ct. 224, 323 A.2d 879 (1974). In *Jones* we held that information concerning a cache of weapons being stored for the purpose of urban terrorism was not stale even after twenty-one days because of the nature of the items and their intended purpose. In *Commonwealth v. Novak, supra*, we held that thirty days was too long where the evidence sought was of narcotics intended for sale. See also *Commonwealth v. Bove*, 221 Pa.Superior Ct. 345, 293 A.2d 67 (1972).

The evidence sought in this case more nearly resembles the evidence in *Suppa* and *Eazer* than in the drug cases, or in the weapons case. Like the evidence of the illegal lotteries sought in the former cases, the evidence here was transient in nature. Moreover, the items sought could have been used for completely innocuous purposes as well as for illegal ones. Because there was no showing of continuing illegal activity to support the warrant, the evidence seized should have been suppressed and it was error not to do so.

Reversed and remanded.