462 A.2d 208

COMMONWEALTH of Pennsylvania, Appellee,

v.

Charles DERR, Appellant.

Supreme Court of Pennsylvania.

Submitted April 28, 1983.

Decided July 5, 1983.

Alan Ellis, Philadelphia, for appellant.

George O. Wagner, Dist. Atty., for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

ZAPPALA, Justice.

The sole issue before this Court is whether there is sufficient evidence to sustain the Appellant's conviction for criminal conspiracy. The facts pertinent thereto are as follows.

On March 11, 1977, the Appellant agreed to sell to an undercover narcotics agent of the Department of Justice, Bureau of Drug Control, one pound of hashish for the sum of $1,100.00. The Appellant also indicated to the undercover agent that the actual purchase would occur at another location, later identified as the residence of Eugene Szoka. Upon arrival at the Szoka residence, the Appellant instructed the undercover agent to give him the money and remain in the car while the Appellant entered the house to purchase the hashish. Shortly after entering the house, the Appellant returned with the hashish, which the Appellant gave to the undercover agent. Thereafter, the Appellant and the undercover agent parted.

The Appellant was arrested for and charged with violation of the Controlled Substance, Drug, Device and Cosmetic Act,[1] and criminal conspiracy[2]. Having waived his right to trial by jury this matter was set for non-jury disposition on December 17, 1977. Prior to the commencement of the trial, the Appellant attempted to withdraw his waiver, which was denied. After hearing all the evidence, the trial judge found the Appellant guilty of violating the Controlled Substance, Drug, Device and Cosmetic Act and criminal conspiracy.

Because the lower court acted improperly in denying the Appellant's request to withdraw his waiver of his jury trial[3],

1. Act of April 14, 1972, P.L. 233, § 13, 35 P.S. § 780–113(a)(30).

2. Act of December 6, 1972, P.L. 1482, No. 344, § 1, 18 Pa.C.S.A. § 903.

3. See Rule 1102(b) of the Rules of Criminal Procedure which states:
   "At any time prior to the commencement of trial, the defendant may withdraw his waiver of a jury trial. Thereafter, any time prior to verdict, the trial judge on his own motion may order the

the lower court granted the Appellant a new trial, and implicitly denied the Appellant's Motion to Arrest Judgment[4]. We thereafter granted review of the Superior Court's affirmance of the lower court's denial to arrest judgment.

According to our Criminal Code, a person is guilty of criminal conspiracy if he:

"(1) Agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or a solicitation to commit such crime; or

(2) Agrees to aid such other person or persons in the planning or commission of such crime or an attempt or solicitation to commit such crime."

18 Pa.C.S.A. § 903(a).

Therefore, implicit in a finding of criminal conspiracy is an agreement between two or more persons to engage in some unlawful activity. Without this common purpose, a conspiracy cannot be maintained. The Appellant contends that the Commonwealth failed to establish an agreement beyond a reasonable doubt, therefore requiring that the judgment be arrested.

Although a necessary element of a conspiracy to be proved is the existence of an agreement, such agreement may be proven through circumstantial evidence instead of direct evidence. *Commonwealth v. Roux,* 465 Pa. 482, 350 A.2d 867 (1976); *Commonwealth v. Holmes,* 482 Pa. 97, 393 A.2d 397 (1978). A conviction, however, cannot be sustained upon mere suspicion and conjecture. *Commonwealth v. Dolfi,* 483 Pa. 266, 396 A.2d 635 (1979). In evaluating the quantum of evidence, all reasonable inferences must inure to the benefit of the verdict winner. *Commonwealth v. Sudler,* 496 Pa. 295, 436 A.2d 1376 (1981).

withdrawal of such waiver or permit the defendant, upon motion, to withdraw his waiver."

4. Although the lower court failed to enter an Order regarding the Motion to Arrest Judgment, it is clear that the trial judge was denying the request.

In *Commonwealth v. Yobbagy,* 410 Pa. 172, 188 A.2d 750 (1963), we held that the Commonwealth failed to meet its burden of proving an agreement when the Commonwealth failed to prove that the defendant had any knowledge of the existence or terms of the alleged agreement, and participated in no action towards the furtherance of the alleged agreement. Implicit in any conspiracy is proof, either circumstantial or direct, that an accused agree to participate in the alleged criminal activity. In *Yobbagy,* we held the evidence presented failed to support any such agreement. The case before us also fails to demonstrate the existence of any such agreement.

■ Reviewing the evidence most favorable to the Commonwealth, resolving all reasonable inferences in its favor, the Commonwealth established that the Appellant entered into an agreement with the undercover agent for the sale of hashish. Thereafter, the Appellant completed the sales transaction by visiting his supplier. No evidence was offered to show that Szoka was aware of the agreement between the Appellant and the undercover agent for the purchase of hashish. To impute such knowledge from these facts goes beyond the scope of reasonable inference. Although a person participates in a criminal activity which is the object of the conspiracy, his actions will not support a conviction for conspiracy without proof of an agreement and participation pursuant to that agreement. *Commonwealth v. Yobbagy,* supra.

■ Since the Commonwealth has failed to meet its burden, the Order of the Superior Court must be reversed, and the Appellant's Motion for Arrest of Judgment for conviction of criminal conspiracy must be granted.

NIX, J., filed a dissenting opinion in which McDERMOTT and HUTCHINSON, JJ., join.

NIX, Justice, dissenting.

I cannot agree with the majority's conclusion that the Superior Court erred in affirming the lower court's denial of

the motion to arrest judgment as to the count charging criminal conspiracy. *See* 18 Pa.C.S.A. § 903. I therefore dissent.

It is unquestionably true that a finding of a criminal conspiracy requires an agreement between two or more persons to engage in some unlawful act. 18 Pa.C.S.A. § 903(a); *see Commonwealth v. Kennedy,* 499 Pa. 389, 453 A.2d 927 (1982); *Commonwealth v. Byrd,* 490 Pa. 544, 417 A.2d 173 (1980); *Commonwealth v. Tate,* 485 Pa. 180, 401 A.2d 353 (1979); *Commonwealth v. Sadusky,* 484 Pa. 388, 399 A.2d 347 (1979); *Commonwealth v. Menginie,* 477 Pa. 156, 383 A.2d 870 (1978); *Commonwealth v. Griffey,* 453 Pa. 142, 307 A.2d 283 (1973). I also concede that the instant record does not establish that Eugene Szoka was aware that appellant intended to resell the hashish to the undercover narcotics agent. However, these two facts do not warrant the conclusion drawn from them by the majority.

The implicit premise upon which the majority justifies its result is that the charge required proof that appellant and Szoka conspired to supply the hashish to the agent. This assumption is clearly wrong under the language of the information upon which appellant was charged. The first count of the information provided:

CRIMINAL CONSPIRACY

The District Attorney of Montour County by this information charges that on (or about) March 11, 1977, at approximately 6:55 P.M., in said County of Montour the defendant(s) above named did at a residence located at approximately .8 mile from Legislative Route 47005 and 47034, R.D. # 5 Danville, in Cooper Township, Montour County, Pennsylvania, agree with Eugene Szoka that they would engage in conduct which constitutes such crime or attempt or solicitation to commit such crime, to wit: Delivery of a Controlled Substance—Marihuana (Hashish), a controlled substance, Schedule I, non-narcotic and that such Charles Derr did aid Eugene Szoka in the planning and commission of such crime. This is in violation of

Section 903(a) of the Act of 334 of the Crimes Code of 1972; . . .

The language clearly covers the illegal transaction between Szoka and appellant, at the residence of Szoka, wherein the latter transferred the substance to appellant. The language of the information does not require further proof that Szoka knew or had any interest as to how appellant intended to dispose of the substance. The crime was the delivery of the proscribed substance from Szoka to appellant. Both Szoka and appellant shared in the common purpose of giving possession of the hashish to appellant.

McDERMOTT and HUTCHINSON, JJ., join in this dissenting opinion.