479 A.2d 1086

**COMMONWEALTH of Pennsylvania**

v.

**Thomas Edward KLIMKOWICZ, Appellant.**

Superior Court of Pennsylvania.

Submitted May 18, 1984.

Filed Aug. 10, 1984.

Edward T. Rowe, Jr., Lower Burrell, for appellant.

George R. Kepple, District Attorney, Kittanning, for Commonwealth, appellee.

Before McEWEN, OLSZEWSKI and ROBERTS, JJ.

McEWEN, Judge:

Appellant, Thomas Edward Klimkowicz, was convicted of burglary and receiving stolen goods following a jury trial. After his motions for a new trial and in arrest of judgment were dismissed, he was sentenced to a term of imprisonment of three to ten years. We affirm.

Appellant has undertaken this appeal from the judgment of sentence and asserts (a) that the Commonwealth did not present sufficient evidence to sustain the convictions; (b) that a new trial should have been granted because of after-discovered evidence; (c) that the lower court erred in refusing to suppress certain evidence seized pursuant to the search warrant because the information from the informant was stale; and (d) that the lower court erred in refusing to suppress certain evidence seized pursuant to the search warrant because the affidavit of probable cause consisted of hearsay upon hearsay.

Initially, we will review appellant's claims concerning the sufficiency of the search warrant. Appellant asserts that the search warrant was invalid because the information received from the informant constituted double hearsay. To determine whether an informer's tip establishes probable cause for the issuance of a search warrant, the United States Supreme Court has adopted a "totality of the circumstances" approach. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).[1] The *Gates* decision indicated that the "totality of the circumstances" standard

---

1. This Court has discussed the *Gates* "totality of circumstances" approach in *Commonwealth v. Davis*, 331 Pa.Super. 285, 480 A.2d 1035 (1984); *Commonwealth v. Ensminger*, 325 Pa.Super. 326, 473 A.2d 116 (1984); *Commonwealth v. Rosario*, 320 Pa.Super. 215, 467 A.2d 5 (1983) and *Commonwealth v. Price*, 318 Pa.Super. 240, 464 A.2d 1320 (1983).

is flexible and not hypertechnical. The issuing magistrate must consider "all of the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of the persons supplying hearsay information." *Gates*, 103 S.Ct. at 2332. In reviewing the magistrate's determination, it is the duty of this Court to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant.

In the instant case, the affiant police officer averred that there was sufficient probable cause to issue the search warrant based on the following facts and circumstances set forth in the affidavit:

Sometime between July 15th and July 31st, David Opalka was at the informant's residence and told the informant that he and Thomas Edward Klimkowicz had 'hit' the residences of Richard Walker, Kevin Kronen, and Joseph Patrick. This was after the informant had told Opalka that he and Klimkowicz were suspected by the State Police of these burglaries, along with a burglary at Jamesway. A few days later, also at the informant's residence, David Opalka and Thomas Edward Klimkowicz told the informant that they still had the guns that they had stolen from the Walker, Kronen, and Patrick residences, and that they were keeping them at Klimkowicz's trailer, located at Rosenberger Road, Valley Township, Armstrong County. Opalka and Klimkowicz stated at this time that they were going to keep the guns there because the were too 'hot' to sell.

Richard Walker, Kevin Kronen, and Joseph Patrick have reported to the state police that their residences had been burglarized, and that guns had been stolen in each incident.

The police officer averred that the informant was reliable based upon the following facts set forth in the affidavit:

On August 4th, the informant stated to the affiant that David Opalka came to the informant's residence between July 29th and August 1st, 1981 with a "safe." At that time, Opalka told the informant that he had stolen the

"safe" from the residence above a bar in New Bethlehem. Opalka gave the informant a Bulova watch and a pair of earrings from the "safe", which the informant later turned over to the Pennsylvania State Police. This watch and earrings were subsequently identified by William Miller as part of his belongings which were stolen from his apartment above Diddy's Bar at 413 Broad Street, New Bethlehem on July 29th.

The informant also stated that she had been told by Opalka that he had pawned the other items in the 'safe' in Pittsburgh. Pawn shop detail, Pittsburgh Police Department, was contacted, who located the pawn shop which Opalka had frequented about this time. New Bethlehem police took William Miller to this shop, where he identified the items pawned by Opalka as having been stolen from him on July 29th.

Based on this affidavit, the magistrate found sufficient probable cause to issue the warrant.

 It is well settled that an affidavit may be based on hearsay and need not reflect direct personal observation of the affiant. *Commonwealth v. Greco*, 465 Pa. 401, 350 A.2d 826 (1976); *Commonwealth v. Prokopchak*, 279 Pa. Super. 284, 420 A.2d 1335 (1980). This Court has noted that the danger in issuing an affidavit based upon hearsay is the fact that there may exist no basis for the police to assess the reliability of the initial source of the information. *Commonwealth v. Musi*, 486 Pa. 102, 404 A.2d 378 (1979); *Commonwealth v. Garvin*, 448 Pa. 258, 293 A.2d 33 (1972). In this case, the information contained in the affidavit was supported by police investigation of the pawn shop as well as by the detailed information concerning the burglaries which had been confirmed by the victims of those burglaries. The police were, therefore, able to properly assess the reliability of the initial source of information. The magistrate found the informant to be reliable and the information in the affidavit sufficient to establish the probable cause necessary to issue the warrant. We agree with the lower court that the search warrant was validly issued.

■ Appellant also contends that the search warrant was invalid because the information contained in the affidavit was stale and, therefore, the lower court erred when it refused to suppress evidence seized pursuant to the warrant. This Court set forth guidelines upon this issue in *Commonwealth v. Jones*, 229 Pa.Super. 224, 323 A.2d 879 (1974). The issuing magistrate must consider the nature and quantity of items to be seized, the time lapse involved, and the ease with which the items may be disposed. The validity of any search warrant must be determined on a case-by-case basis considering the unique circumstances of each case. In the case at bar, the items to be seized were assorted firearms and other items stolen during a burglary on June 29, 1981. On August 4, 1981, the informant relayed information to the police concerning the appellant's behavior during the period from July 15 to July 31, 1981. The informant specifically stated that appellant intended to keep the guns because they were too "hot" to sell. The search warrant was obtained and executed on August 10, 1981.

■ In this case, five weeks had elapsed between the commission of the crime and the execution of the warrant, but the number of days does not determine the validity of the warrant. "Mere passage of time is itself not sufficient to determine the question of staleness." *Commonwealth v. David*, 299 Pa.Super. 285, 288, 445 A.2d 757, 758 (1982). *See also Commonwealth v. Suppa*, 223 Pa.Super. 513, 302 A.2d 357 (1973). The *Jones* court emphasized the nature of the items and their intended purpose and found that the search warrant was valid even though the information contained in the affidavit in *Jones* was three weeks old. Applying the guidelines set forth in *Jones* to the factual circumstances of this case, there is nothing to indicate that the information contained in the affidavit was stale. Reasonableness is the applicable standard for determining the time limits to be placed on a search warrant. Considering the "hot" nature of the items and the difficulty of disposing of such items, it was not unreasonable for the magistrate to

believe that the items described could still be found at appellant's home. Under the circumstances of this case, we cannot say that the issuance of the warrant was based upon impermissibly stale information.

■ Appellant also argues that the evidence was insufficient to support the burglary and receiving stolen goods convictions.[2] When reviewing a challenge to the sufficiency of the evidence, we must accept as true all of the evidence upon which the finder of fact could properly have reached its verdict and give the Commonwealth the benefit of all reasonable inferences arising from the evidence. *Commonwealth v. Macolino*, 503 Pa. 201, 469 A.2d 132 (1983); *Commonwealth v. Tribble*, 502 Pa. 619, 467 A.2d 1130 (1983); *Commonwealth v. Rawles*, 501 Pa. 514, 462 A.2d 619 (1983). Although the Commonwealth must prove every essential element of a crime beyond a reasonable doubt, it may sustain its burden of proof wholly by means of circumstantial evidence. *Commonwealth v. Brosko*, 243 Pa.Super. 312, 365 A.2d 867 (1976).

The evidence presented at trial established that appellant had been a patron in the German Beneficial Union (GBU) just prior to the burglary of the club and witnessed the proprietor of the GBU conduct an inventory of the items in the bar. Appellant and the proprietor subsequently argued and appellant stated to Ms. Miller that he would "burn her." A police officer saw appellant within fifty feet of the scene of the burglary within several hours of the time that the burglary took place. Pursuant to a search warrant, the police seized several items from appellant's home that were identified as stolen from the GBU a few days earlier.

■ As the distinguished President Judge Roy A. House, Jr. noted in his able opinion, the stolen items were not packaged in the form that one would ordinarily expect

---

2. Appellant's motion in arrest of judgment stating that the evidence was insufficient to support the verdict was filed prior to this court's decision in *Commonwealth v. Holmes*, 315 Pa.Super. 256, 461 A.2d 1268 (1983), and, therefore, appellate review of appellant's "boiler plate" post-verdict motion is available.

to find in a personal residence and were not generally available in retail stores. The quantity and nature of the goods discovered at appellant's home, moreover, supported the jury's conclusion that appellant knew they were stolen and had participated in the theft. The stolen items, alcohol, guns and loose bags of snacks were not items easily sold. *See Commonwealth v. Owens,* 441 Pa. 318, 271 A.2d 230 (1970); *Commonwealth v. Brosko, supra.*

Considering the record as a whole and giving the Commonwealth the benefit of all reasonable inferences arising from the evidence, we reject the claim that the evidence was insufficient to support his conviction.

The final issue raised by appellant is his contention that his motion for new trial based on after-discovered evidence was improperly denied by the trial judge. After-discovered evidence may serve as a basis for a new trial only when four criteria are present, namely, the evidence must (1) have been discovered after trial; [3] (2) not merely be corroborative or cumulative; (3) not be used solely to impeach credibility; and (4) be of such nature and character that a different verdict would likely result, if presented at a new trial. *Commonwealth v. Hugney,* 491 Pa. 222, 229, 420 A.2d 422, 426 (1980); *Commonwealth v. Mosteller,* 446 Pa. 83, 88, 284 A.2d 786, 788 (1971).

The after-discovered evidence here submitted consists of a statement made by a witness after the close of testimony. Sally Miller, a witness for the Commonwealth, identified, in her direct testimony, a photograph of liquor bottles as depicting items that were stolen from the German Beneficial Union. Later, another witness heard Ms. Miller remark that some of the liquor bottles she had identified as stolen did not actually come from the GBU.

 The liquor bottles were among several items stolen from the GBU and positively identified by Ms. Miller. The identification was corroborated by testimony from Po-

---

**3.** There is no dispute that the first criterion of the after-discovered evidence test has been met.

lice Officer Fuksa who stated that Miller made an immediate, unhesitating identification of the recovered items. Although there was a large quantity of liquor stolen, the identification could be considered cumulative evidence. Miller's out-of-court statement merely casts doubt on the reliability of her identification of the liquor bottles in the photograph; and thus, would affect only her credibility as a witness. After-discovered evidence will not form the basis for a new trial if it merely impeaches the credibility of a witness. *Commonwealth v. Goldblum*, 498 Pa. 455, 447 A.2d 234 (1982) *citing Commonwealth v. Giacobbe*, 341 Pa. 187, 19 A.2d 71 (1941). Miller's statement is not evidence of such nature and character that a different verdict would likely result, if presented at a new trial. It is not for this court to interfere with the grant or denial of a new trial where the sole ground is the alleged recantation of a state witness unless there has been a clear abuse of discretion. *See Commonwealth v. Gaddy*, 492 Pa. 434, 424 A.2d 1268 (1981); *Commonwealth v. Nelson*, 484 Pa. 11, 398 A.2d 636 (1979). In the light of the evidence introduced at trial, we find no error in Judge House's finding that a different verdict would not have resulted had the after-discovered evidence been introduced.

We affirm the decision of the trial court.