616 A.2d 1379

**COMMONWEALTH of Pennsylvania**

v.

**Alex J. VERGOTZ, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued June 16, 1992.

Filed Sept. 28, 1992.

Reargument Denied Dec. 4, 1992.

Gene P. Placidi, Erie, for appellant.

Anthony R. Himes, Asst. Dist. Atty., Erie, for Com., appellee.

Before WIEAND, DEL SOLE and HESTER, JJ.

DEL SOLE, Judge:

This is a direct appeal from the order of the Court of Common Pleas of Erie County which sentenced Alex J. Vergotz, Jr., Appellant, to a $5,000.00 fine and one to two years imprisonment for his conviction of Deceptive Business Practices, and imposed a fine of $100.00 for each of the thirty-three counts of Violations of Use of Certificate of Inspection for which he was also convicted. We affirm in part and vacate in part.

The pertinent facts are as follows: In December 1989, Pennsylvania State Police Trooper James E. Ruff obtained information from several informants concerning the sale of illegal inspection stickers from Fred Palmieri, who operated an auto inspection station, to Appellant, who operated a used car lot. Palmieri informed Trooper Ruff on December 8, 1989 that he sold the stickers to Appellant through Appellant's mechanic, Norman Carder, at the rate of fifteen for two

hundred dollars. On December 12, 1989, Robin Herman, an employee of Appellant, informed Trooper Ruff that she had observed the inspection stickers in Appellant's possession and saw them being issued to Carder. On December 13, 1989, Carder informed Trooper Ruff that Appellant had approached him on several occasions, since the commencement of his employment with Appellant in August 1989, and asked him to obtain inspection stickers. Carder would comply, and then would attach the stickers on vehicles designated by Appellant. On December 14, 1989, Trooper Ruff secured a search warrant for Appellant's place of business, and on December 15, 1989, the warrant was executed. As a result of the search, thirty-three Pennsylvania Certificates of Inspection were removed from vehicles which were listed for sale. Trooper Ruff then conducted a thorough and extensive investigation of each of the confiscated stickers, cataloguing them and comparing them with the records from the inspection station. Trooper Ruff waited until the completion of the investigation on or about January 20, 1990 before initiating a criminal complaint on January 31, 1990. The complaint was issued on February 2, 1990, charging Appellant with one misdemeanor count of Deceptive Business Practices (18 Pa.C.S.A. § 4107(a)(4)), and thirty-three summary counts of Violations of Use of Certificate of Inspection (75 Pa.C.S.A. § 4730(a)(2)). Appellant filed an Omnibus Pre–Trial Motion, moving to quash the complaint, which the trial court denied. Appellant then filed an Amended Omnibus Pre–Trial Motion, moving to suppress any and all evidence seized during the search of Appellant's place of business. The trial court denied this motion as well. The matter proceeded to trial, and a jury found Appellant guilty of Deceptive Business Practices. The trial court found him guilty of thirty-three summary Violations of Use of Certificate of Inspection, and imposed sentence. Following the denial of his Motion to Reconsider and Modify Sentence, Appellant brought this appeal.

Appellant raises four issues for our consideration:

1) Whether the trial court erred in refusing to suppress the physical evidence seized during the search of Appellant's

business premises when the affidavit of probable cause accompanying the search warrant did not establish a sufficient time frame as to when the inspection stickers were sold to Appellant, and was therefore legally insufficient?

2) Whether the trial court erred in refusing to quash the criminal complaint and information when they were not commenced within thirty days after the commission of the alleged offense or the discovery of the offender, whichever is later, as required by 42 Pa.C.S.A. § 5553(a)?

3) Whether the trial court erred in refusing to quash the criminal complaint and information when Appellant was charged with violating 18 Pa.C.S.A. § 4107(a)(4), a general provision of the penal code, and 75 Pa.C.S.A. § 4730(a)(2), a special provision of the motor vehicle code, when the law does not permit prosecution under a general provision if an applicable special provision exists which prohibits the same type of conduct?

4) Whether the trial court erred in refusing to quash the criminal complaint and information when 18 Pa.C.S.A. § 4107(a)(4) and the definitions contained therein are unconstitutionally vague?

Appellant's first contention is that the affidavit accompanying the search warrant for his business premises did not adequately set forth a time frame which established continuing criminal activity. Therefore, Appellant argues, because the affidavit of probable cause was legally insufficient, the inspection stickers which were seized as a result of the search should have been suppressed.

In reviewing the rulings of the suppression court, *our initial task is to determine whether the factual findings are supported by the record.* Commonwealth v. Bell, 386 Pa.Super. 164, 562 A.2d 849 (1989). An affidavit for a search warrant is to be tested by this court with common sense and a realistic manner, and not subjected to overly technical interpretations; the magistrate's determination of probable cause is to be accorded great deference on review. Commonwealth v. Prokopchak, 279 Pa.Super. 284, 420 A.2d 1335 (1980). The law is clear that before a search warrant may issue, facts

supported by oath or affirmation must be presented to the issuing officer which will justify a finding of probable cause. *Commonwealth v. Shaw*, 444 Pa. 110, 281 A.2d 897 (1971). For the warrant to be constitutionally valid, the issuing officer must conclude that probable cause exists at the time the warrant is issued. Such a conclusion may not be made arbitrarily and must be based on facts which are closely related in time to the date the warrant is issued. *Id.* at 113, 281 A.2d at 899. If the officer is presented with evidence of criminal activity at some prior time, it must also be shown that the criminal activity continued up to or about the time the warrant is issued, in order to support a finding of probable cause. *Id. See also Commonwealth v. Eazer*, 455 Pa. 320, 312 A.2d 398 (1973). There is no hard and fast rule regarding what constitutes stale information; such determinations must be made on a case-by-case basis. *Commonwealth v. Stamps*, 493 Pa. 530, 427 A.2d 141 (1981). The applicable standard for determining the time limits to be placed on search warrants is one of reasonableness. *Commonwealth v. Klimkowicz*, 331 Pa.Super. 75, 479 A.2d 1086 (1984).

The affidavit in the instant case, when read in the light of common sense and the totality of the circumstances, supports the finding that probable cause existed for Trooper Ruff to search Appellant's place of business. The nature of Appellant's business was not a single, isolated occurrence to be pinpointed in time; rather, Appellant was engaged in a continuing course of conduct. For the purpose of determining whether information supporting issuance of a warrant has grown stale, the continuity of an illegal scheme may be established by the inherent nature of the criminal activity itself or evidence that the activity has extended over a period of time. *Commonwealth v. Alewine*, 384 Pa.Super. 283, 558 A.2d 542, appeal denied 524 Pa. 624, 574 A.2d 66 (1989). The offering of used cars for sale is an ongoing enterprise, necessarily involving the affixment of inspection stickers to the vehicles for sale. Having been informed by Carder regarding Appellant's practice of obtaining the illegal stickers and his subsequent use of them in connection with the cars he was

offering to the public for sale, Trooper Ruff reasonably concluded that Appellant continued to possess the illegal inspection stickers and that a portion of those stickers could be found on vehicles which were on Appellant's premises at the time the warrant was issued. The existence of probable cause is determined by a consideration of the totality of circumstances as seen through the eyes of a trained police officer, not the average citizen. *Commonwealth v. Tolbert*, 235 Pa.Super. 227, 341 A.2d 198 (1975). Trooper Ruff, based upon his experience, concluded after his discussions with the informants in this case that the criminal activity described to him was of a continuous nature and that a warrant was necessary to secure evidence of this ongoing operation. We find support in the record for the existence of probable cause in this case, based upon the totality of circumstances. Therefore, we conclude that the affidavit of probable cause was legally sufficient and that no suppression of the evidence seized during the resulting search is warranted.

We will next address Appellant's third contention, as the disposition of this issue controls whether the Commonwealth may bring charges under both code sections, and then be permitted to pursue the prosecution under the general code section when the charges under the special code section have been quashed as not timely filed. Appellant asserts that because the two statutes under which he is charged both apply to the same conduct, the Commonwealth is barred from prosecuting him under the general provisions of 18 Pa.C.S.A. § 4107(a)(4) and instead may only bring charges against him under the special provisions of 75 Pa.C.S.A. § 4730(a)(2). However, even if a general statute and a special statute have identical elements in the sense that the special wholly encompasses the general, both charges may still be pursued in one trial, as long as the general has elements outside the special. *Commonwealth v. Warner*, 504 Pa. 600, 476 A.2d 341 (1984). In the instant case, the general statute, Deceptive Business Practices, possesses the additional element of selling, offering or exposing for sale. Therefore, even though the conduct for which Appellant was prosecuted was encompassed completely

by the special provision, Violations of Use of Certificate of Inspection, the presence of an additional element in the general statute permits the Commonwealth to charge Appellant under both statutes.

 Having established that the Commonwealth is permitted to charge Appellant under both the general and special code provisions in the instant case, our next inquiry is whether the summary offenses Appellant was charged with under 75 Pa.C.S.A. § 4730(a)(2) should be quashed because they were not brought within thirty days after the discovery of the offense or the identity of the offender, pursuant to 42 Pa. C.S.A. § 5553(a). 42 Pa.C.S.A. § 5553(a) provides that:

... proceedings for summary offenses under Title 75 (relating to vehicles) must be commenced within thirty (30) days after the commission of the alleged offense or within thirty (30) days after the discovery of the commission of the offense or the identity of the Defendant, whichever is later, not thereafter.

In the instant case, the offense was committed prior to Trooper Ruff's discovery of the offense and of the identity of Appellant. Therefore, the time period for commencing charges against Appellant would have begun to run when it was discovered that an offense had been committed or that Appellant was the person who committed the offense. The Commonwealth argues that the identity of the offender was not discovered until Trooper Ruff had completed his investigation on or about January 20, 1990, and that therefore, the criminal complaint and information were timely filed. The trial court accepted this argument; however, we are not in agreement with the decision of the trial court. Trooper Ruff was aware of Appellant's alleged criminal activity prior to the execution of the search warrant on December 15, 1989. He had been advised by three informants regarding the nature of the criminal activity and the identity of the offender. Upon searching the premises, thirty-three inspection stickers were seized by the trooper, and thus he obtained the necessary evidence to support the informants' allegations that an offense had been committed by Appellant. Therefore, once the stick-

ers which were in Appellant's possession had been confiscated, sufficient evidence existed to support, with reasonable certainty, that Appellant had committed the summary offense of Violations of Use of Certificate of Inspection, 75 Pa.C.S.A. § 4730(a)(2). Because this violation is a summary offense, the thirty day time period set forth in 42 Pa.C.S.A. § 5553(a) is applicable. *See Commonwealth v. Matthews,* 286 Pa.Super. 474, 429 A.2d 37 (1981). The charges in the instant case were not filed until January 31, 1990, more than thirty days after the discovery that Appellant had committed the offense; therefore, we must reverse the trial court's finding of guilt in regard to the summary offenses with which Appellant was charged.

The final argument Appellant asserts in this appeal is that because 18 Pa.C.S.A. § 4107(a)(4) and its definitions are unconstitutionally vague, the criminal complaint and information brought against him under that statute should have been quashed. A penal statute and its terms, in order to be constitutional, must be "sufficiently explicit to inform those who are subject to it, what conduct on their part will render them liable to its penalties." *Commonwealth v. Heinbaugh,* 467 Pa. 1, 354 A.2d 244 (1976), citing *Connally v. General Construction Company,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). Contrary to Appellant's contention, the terms "adulterated" and "mislabelled" are expressly and succinctly defined in section (c) of the statute. It is readily apparent from the wording of the definitions that the type of conduct prohibited is the selling or offering for sale of any commodity that either varies from the quality standard or labeling standards prescribed by statute. Thus, the wording of the statute is sufficiently definite to have put Appellant on notice regarding what type of practices he was forbidden to employ in his business, and Appellant's final argument is meritless.

Convictions for summary offenses vacated; in all other aspects, the judgment of sentence is affirmed. Jurisdiction relinquished.