## Commonwealth v. Dutrieuille

*Richard E. Guida, assistant district attorney,* for the Commonwealth.

*George F. Shultz,* for defendant.

DOWLING, *J.,* December 1, 1992—While conspiracy has been called the darling of the prosecution nursery,[1] we must be careful not to let the obviousness of the substantive offense and the passion of the moment obscure the right of the individual to be properly charged. Where counties have abolished the grand jury,[2] as has Dauphin, the indictment has been replaced by an information. However, the same standards of content apply. Pennsylvania Rule of Criminal Procedure 213(b) requires that the indictment (information) contain the official citation of the statute which the defendant is alleged to have violated. The information in this case charges a violation of 18 Pa.C.S. §903—*Criminal Conspiracy.*

The facts are clear. The Commonwealth, in a bench trial, established beyond peradventure that the defendant, William Dutrieuille, sold a packet of cocaine for $100 to one Charles Smeigh. For some unknown reason, he

1. *Harrison v. United States,* 7 F. 2d 259 (1925).
2. Pennsylvania Constitution, Article I, Section 10.

was charged not with the drug transaction, but with conspiracy to deliver the drug to Smeigh. Defendant demurs. We are constrained to discharge the defendant.

It has been held that "the relationship of buyer and seller, standing alone, without any prior or contemporaneous understanding beyond a mere sales agreement, does not establish conspiracy ... there is no joint objective to commit the underlying offense charged here, for the buyer's purpose is to buy and the seller's is to sell." *United States v. Kapp*, 781 F.2d 1008, 1009 (3d Cir. 1986), quoting *United States v. Mancillas*, 580 F.2d 1301, 1307 (7th Cir. 1978), *cert. denied*, 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed. 2d 351 (1978).

As to such two-party crimes, where a plurality of actors is an inherent element of the crime and where there is congruence between the agreement and the completed substantive offense, conspiracy may not be charged, absent some legislative intent to the contrary. *Iannelli v. United States*, 420 U.S. 770, 782, 95 S.Ct. 1284, 1292, 43 L.Ed.2d 616 (1975). This is referred to as "Wharton's Rule," after Professor Wharton, who first enunciated it more than 130 years ago in his text on criminal procedure. F. Wharton, *Criminal Law*, 198 (2d ed. 1852). The current edition of Wharton's treatise states the rule more simply: "An agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission." 420 U.S. at 773, 95 S.Ct. at 1288.

An examination of the extant case law observing the application of Wharton's Rule, confirms the inadequacy

of the Commonwealth's evidence. Indeed, very early on the Pennsylvania Supreme Court held, in an age seemingly eons ago, that where concert is part of a criminal act, it is not a subject of indictment as a conspiracy to commit the act. *Shannon v. Commonwealth,* 14 Pa. 226 (1850). In *Shannon,* a man and a woman were indicted for a conspiracy to commit the heinous crime of adultery. The Supreme Court arrested judgment, observing that in other cases of conspiracy, the unlawful agreement is an aggravation of the offense, while the agreement charged here was a necessary element of the offense ... a constituent, not an aggravation. *Id.* at 226. Likewise, in the instant matter, the agreement of Dutrieuille to sell and Smeigh to buy, was a necessary element of the unlawful delivery; a constituent, not an aggravation. Consequently, the only evidence the Commonwealth can point to as indicative of Mr. Dutrieuille's guilt is an unlawful delivery between Mr. Dutrieuille and Mr. Smeigh.

Wharton's analysis was later cited approvingly by the U.S. Supreme Court in *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, *reh'g. denied,* 329 U.S. 818, 67 S.Ct. 26 (1946). In *Pinkerton,* the petitioners were convicted of a conspiracy to violate the Internal Revenue Code and several substantive violations of the Code and were sentenced both for the conspiracy and for the substantive offenses. *Id.* at 641, 66 S.Ct. at 1181. In *Pinkerton,* the Supreme Court distinguished those situations in which Wharton's Rule applied as being: "[w]here the agreement of two persons is necessary for the completion of the substantive crime and there is no ingredient in the conspiracy which is not present in the completed crime." *Id.* at 643, 66 S.Ct. at 1182. Clearly, the evi-

dentiary basis supportive of the prosecution in the case at bar contains no ingredient which is not both present as well as necessary for the completion of the unlawful delivery between Mr. Dutrieuille and Mr. Smeigh.

The U.S. Supreme Court provided analysis of Wharton's Rule in *Iannelli v. United States,* 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975). In *Iannelli* the court observed that Wharton's Rule currently stands as an exception to the general principle that a conspiracy and the substantive offense that is its immediate end do not merge upon proof of the latter. *Id.* at 781-82, 95 S.Ct. at 1292. The court further clarified the application of the Rule stating, "Wharton's Rule applied only to offenses that *require* concerted criminal activity, a plurality of criminal agents." *Id.* at 785, 95 S.Ct. at 1293. The court reasoned that "[i]n such cases, a closer relationship exists between the conspiracy and the substantive offense because *both* require collective criminal activity." Id. Thus, absent legislative intent to the contrary, the Rule supports a presumption that the two merge when the substantive offense is proved. *Id.* at 785-86, 95 S.Ct. at 1293.

Most significantly, in *Commonwealth v. Derr,* 501 Pa. 446, 462 A.2d 208 (1983), the Pennsylvania Supreme Court addressed a factual scenario virtually identical to that at issue herein. In *Derr,* the court held that where the evidence showed only that the defendant entered into agreement with an undercover agent for sale of hashish and that the defendant completed the sales transaction by visiting his supplier, but no evidence was offered to show that supplier was aware of the agreement between

the defendant and the undercover agent for the purchase, the Commonwealth failed to meet its burden of proving conspiratorial agreement and participation pursuant thereto. *Id.* at 447, 462 A.2d at 208-09. The *Derr* court reasoned that "[a]lthough a person participates in a criminal activity which is the object of the conspiracy, his actions will not support a conviction for conspiracy without proof of an agreement and participation pursuant to that agreement." *Id.* at 450, 462 A.2d at 210. As a result, the court arrested judgment in *Derr* since the evidence failed to show that the accused agreed to participate in the alleged criminal conspiracy.

Accordingly, we enter the following

ORDER

And now, December 1, 1992, defendant's demurrer is sustained.