## Commonwealth v. Munno

*L. Todd Goodwin, assistant district attorney,* for the Commonwealth.
*Donald E. Lewis,* for defendant.

MILLER, *P.J.,* September 10, 1993—

### FACTS

Sergeant David Stefanucci, a Meadville City police officer, began to use Robert Schweter as a confidential informant in March of 1993.[1] Schweter told Stefanucci that he was at the defendant's residence during the first week of March 1993 and saw the defendant carry two garbage bags full of marijuana from her basement.

Stefanucci then arranged for Schweter to make controlled buys from the defendant and equipped him with a recording device. Schweter bought six grams of marijuana from the defendant at her residence at approximately 12:30 a.m. on March 8, 1993. Schweter made a second purchase of 10.2 grams of marijuana from the defendant at her residence at approximately 11:30 p.m. on March 8, 1993.

---

1. Sergeant Stefanucci was a corporal in March of 1993.

The conversations between Schweter and the defendant that took place during the controlled buys were recorded. Stefanucci testified that, based on his listening to the recording made during the second purchase, the defendant told Schweter that she was going to grow more marijuana that would be ready for sale in three to four weeks and that Schweter should come back then to make a purchase.

Stefanucci executed a search warrant for the defendant's residence and an arrest warrant for the defendant on March 29, 1993. The search produced five marijuana plants, a quantity of marijuana leaves and some drug paraphernalia. The police did not attempt to ascertain Munno's activities during the three week period between March 8 and March 29.

The defendant filed her omnibus motion on July 6, 1993, alleging several reasons why the search and seizure are unconstitutional. At argument, counsel for the defendant stated that probable cause is the only valid basis to attack the search warrant and arrest warrant. Accordingly, we will not address the other contentions in the motion to suppress the evidence. The omnibus motion also contains a motion to dismiss the conspiracy counts and a motion to extend time.

## DISCUSSION

### 1. *Probable Cause*

Probable cause exists where the officer has knowledge of sufficient facts and circumstances at the time of the arrest which would warrant a person of reasonable caution to believe that an offense has been committed. *Commonwealth v. Welshans,* 397 Pa. Super. 439, 580 A.2d 379 (1990), *aff'd,* 529 Pa. 571, 605 A.2d 1222

(1992); *Commonwealth v. Murray,* 460 Pa. 53, 60, 331 A.2d 414, 417 (1975).

Stale evidence cannot supply the probable cause necessary to issue a warrant. *Commonwealth v. O'Bryant,* 320 Pa. Super. 231, 467 A.2d 14 (1983). Probable cause must exist at the time the warrant is issued. Such a contention must be based on facts which are closely related in time to the date on which the warrant is issued. If the officer is presented with evidence of criminal activity at some prior time, it must be shown that the criminal activity continued up to or about the time the warrant was issued. *Commonwealth v. Vergotz,* 420 Pa. Super. 440, 446, 616 A.2d 1379, 1382 (1992). There is no bright line rule for determining when information has become stale. Such a determination must be made on a case by case basis. *Commonwealth v. Ryan,* 300 Pa. Super. 156, 170, 446 A.2d 277, 284 (1982).

In considering whether information is stale, the court should look to the nature and quantity of the items to be seized, the time lapse involved and the ease with which the items may be disposed of. *Commonwealth v. Jones,* 229 Pa. Super. 224, 231, 323 A.2d 879, 882 (1974).

Information which indicates that the criminal activity is of an ongoing nature can supply probable cause to believe that the criminal activity has continued up to some point in the future. In *Commonwealth v. Alewine,* 384 Pa. Super. 283, 558 A.2d 542 (1989), *alloc. denied,* 524 Pa. 624, 574 A.2d 66 (1990), a state trooper observed mechanisms on a poker machine in a tavern which indicated the machines were used for gambling on September 3, 1987. On the basis of this information, a search warrant was obtained on September 24, 1987. The trial court ordered the evidence suppressed because the information was stale.

The Superior Court reversed the trial court because the evidence gave the officer reason to believe that the tavern would contain illegal gambling devices on the day the warrant was executed. Given the size of the machine and their popularity, it was reasonable to believe that the machines would be present three weeks later. *Alewine, supra* at 288, 558 A.2d at 544.

In *Commonwealth v. Checca,* 341 Pa. Super. 480, 491 A.2d 1358 (1985), *alloc. denied,* the defendant contended that the information in the affidavit of probable cause was stale because the facts alleged in the affidavit occurred on or before September 28, 1981 and the warrant was not obtained until October 15, 1981. The court rejected this contention because the criminal activity was of a continuous nature and was the subject of an ongoing criminal investigation. *Checca, supra* at 493, 491 A.2d at 1364.

In our case, Sergeant Stefanucci possessed reliable information which indicated that the defendant would have marijuana available for sale in three weeks. The defendant sold Schweter marijuana and told him to come back in three weeks in order to buy more marijuana. This information indicated to a reasonable person that the defendant was engaged in criminal activity at her residence on March 29, 1993. Therefore, we deny the defendant's motion to suppress the evidence obtained.

## 2. *Dismissal of Conspiracy Counts*

The Commonwealth apparently is basing its conspiracy charges on the defendant's conversations with Schweter. 18 Pa.C.S. §903(a) defines conspiracy as follows:

"A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

"(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

"(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime."

"[T]he essence of what constitutes [a] conspiracy [is] ... a continuous agreement of unlawful purpose evidenced by an overt act in furtherance of the implementation of the criminal intent." *Commonwealth v. Henkel,* 338 Pa. Super. 368, 375, 487 A.2d 1010, 1014 (1985). Shared criminal intent is a sine qua non of the crime of conspiracy, and a collusive agreement is a necessary element of conspiracy. *Commonwealth v. Derr,* 501 Pa. 446, 449, 462 A.2d 208, 209 (1983); *Commonwealth v. Snyder,* 335 Pa. Super. 19, 34, 483 A.2d 933, 941 (1984).

The federal courts have recognized that a defendant's conversations with a government agent or informant cannot, in and of itself, constitute a conspiracy because it is legally impossible to conspire with a government agent or informant. *Sears v. United States,* 843 F.2d 142 (5th Cir. 1965); *United States v. Kelly,* 888 F.2d 732, 740 (11th Cir. 1989).

We agree with the federal courts that a conspiracy charge based solely on conversations with a government informant does not establish a conspiracy. The informant is frustrating criminal activity; he has not agreed to further criminal activity.