J-S28004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE SUTTON, | |
| Appellant | No. 3444 EDA 2014 |

Appeal from the Judgment of Sentence November 24, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003508-2014

BEFORE:  BOWES, LAZARUS AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED May 11, 2016**

Andre Sutton appeals from the judgment of sentence of eleven and one-half to twenty-three months incarceration and five years of probation. The court imposed the sentence after Appellant was convicted of drug-related offenses following a non-jury trial.  We affirm.

At approximately 5:00 p.m. on January 14, 2014, Philadelphia Police Officer Reginald Graham used a confidential informant (CI-1) to conduct a purchase of narcotics from Appellant utilizing the controlled buy procedure. Officer Graham observed the following.  The CI-1 knocked on the door of 3831 North 8th Street, Philadelphia, Appellant answered the door, and, after they conversed briefly, Appellant allowed CI-1 to enter the residence.  CI-1 exited 3831 North 8th Street after "a minute or so," and handed Officer

---

* Retired Senior Judge assigned to the Superior Court.

Graham four blue-tinted Ziploc packets containing cocaine. N.T. Trial (Waiver), 9/16/14, at 11.

On January 22, 2014, Officer Graham conducted another controlled buy using a different confidential informant ("CI-2"). CI-2 knocked on the door of 3831 North 8th Street, Appellant "came to the door and had a brief conversation with [CI-2] and then they both went inside that location." *Id*. at 12. After about two minutes, Appellant left 3831 North 8th Street and began to walk down the street.

Philadelphia Police Officer Carlos Buitrago, who was operating as back up for Officer Graham, followed Appellant on foot, and watched the following. Appellant walked two and one-half blocks to a location around the corner, 3909 Percy Street, where Chevel Harris was standing on the porch. "As soon as [Appellant and Harris] made eye contact, Mr. Harris came down from the steps and met [Appellant] on the sidewalk in front of 3909 and gave [Appellant] small objects." *Id*. at 46-47. Officer Buitrago saw Appellant place the objects in his pocket and head back toward North 8th Street, and the officer then radioed Officer Graham.

Officer Graham soon observed Appellant return to and enter 3831 North 8th Street and CI-2 leave shortly thereafter. CI-2 handed Officer Graham three clear baggies containing cocaine. Officer Buitrago remained at 3909 Percy Street, and watched Harris exchange items for cash with two females.

- 2 -

On the afternoon of January 23, 2014, police executed search warrants at 3831 North 8th Street and 3909 Percy Street. Appellant was alone at 3831 North 8th Street, where police recovered Endocet, Percocet, and Xanax pills as well as numerous used and unused Ziploc packets that were tinted blue, black, or red. Neither cash nor cocaine was found at 3831 North 8th Street. At 3909 Percy Street, Harris was arrested on the front steps. Inside, police found fourteen bags of marijuana and twenty-nine packets of cocaine in clear bags that had purple markings.

Based upon this proof, Appellant was convicted of possession of a controlled substance with intent to deliver ("PWID"), conspiracy to commit PWID, possession of a controlled substance, and possession of drug paraphernalia. The matter proceeded to sentencing on November 24, 2014. Appellant was given two concurrent terms of eleven and one-half to twenty-three months imprisonment on the PWID and conspiracy offenses as well as five years probation. No sentence was imposed on the other two crimes.

Appellant had prior PWID convictions, and the sentence in question was below the mitigated range of the applicable guidelines, which recommended twenty-one to twenty-seven months in jail plus or minus six months. The court ordered Appellant, who already had served over nine months in jail, to be evaluated by the Philadelphia forensic intensive recovery project for both mental health and substance abuse issues and to

be immediately paroled into the program recommended following that evaluation.

This appeal followed imposition of the judgment of sentence, and Appellant complied with the court's directive to file a Pa.R.A.P. 1925(b) statement, wherein this issue presented on appeal was preserved: "Did the trial court err when it convicted appellant of criminal conspiracy because the evidence was insufficient to establish any agreement to sell a controlled substance?" Appellant's brief at 3.

Initially, we note: "In performing a sufficiency review, we . . . . view the evidence in a light most favorable to the Commonwealth as the verdict winner, drawing all reasonable inferences from the evidence in favor of the Commonwealth." *Commonwealth v. Coleman*, 130 A.3d 38, 41 (Pa.Super. 2015) (citation omitted). The Commonwealth's proof "need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." *Id*. (citation and quotation marks omitted). Moreover, "the Commonwealth can prove its case by circumstantial evidence" so that only where "the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances" will a defendant be accorded relief. *Id*. (citation and quotation marks omitted). We are not permitted to "re-weigh the evidence and substitute our judgment for that of the fact-finder." *Id*. (citation and quotation marks omitted).

Appellant singularly claims that there was insufficient evidence to establish the existence of an agreement between Appellant and Harris to sell drugs. To convict a defendant of conspiracy, the Commonwealth must prove: "1) an intent to commit or aid in an unlawful act, (2) an agreement with a co-conspirator and (3) an overt act in furtherance of the conspiracy." *Commonwealth v. Thoeun Tha*, 64 A.3d 704, 710 (Pa.Super. 2013). Proof of an explicit agreement to commit a crime, which is the element of the crime that Appellant challenges, is rarely directly available. The law thus provides that "such an act may be proved inferentially by circumstantial evidence, *i.e.*, the relations, conduct or circumstances of the parties or overt acts on the part of the co-conspirators." *Id*. The factors pertinent to establishing the existence of a conspiracy include, but are not limited to, "the relationship between the parties, the knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode." *Id*.

Herein, the evidence reveals that Harris and Appellant knew each other since, as soon as Harris saw Appellant, Harris came down from the porch and, without even speaking with Appellant, gave Appellant items. The circumstantial evidence infers that those items were the packages of cocaine that Appellant sold to CI-2. Specifically, CI-2 entered 3831 North 8th Street, Appellant left two minutes later and traveled to Harris, Harris handed Appellant items, Appellant promptly returned to 3831 North 8th Street, and

CI-2 soon exited that building with packets of cocaine. Thus, both Harris and Appellant actively participated in the PWID. Harris engaged in two apparent drug transactions after giving Appellant the cocaine. When the search warrants were executed, Appellant had no cocaine or money at 3831 North 8th Street, even though he sold cocaine therein on two prior occasions to two different CIs and had many used and new Ziploc baggies of various colors in his possession. On the other hand, Harris had numerous packets of cocaine at 3909 Percy Street. The conduct of Harris and Appellant, as well as the location of the cocaine discovered when the warrants were executed, support the factfinder's conclusion that Harris and Appellant were engaged in a drug trafficking enterprise together and that Harris supplied Appellant with the cocaine that Appellant was selling.

Appellant suggests that **Commonwealth v. Derr**, 462 A.2d 208 (Pa. 1983), mandates reversal of his conspiracy conviction. In that case, the defendant agreed to sell hashish to an undercover narcotics agent for $1,100. The undercover officer and the defendant drove to the residence of Eugene Szoka. After they arrived, the defendant took the money from the agent, went inside, purchased hashish from Szoka, and, upon returning to the car, gave the hashish to the undercover officer.

Our Supreme Court reversed the defendant's conspiracy conviction on the basis that there was no proof that Szoka was aware of the agreement between the defendant and the undercover agent for the purchase of the

hashish. It viewed the selling of the hashish by the defendant to the undercover agent as an independent transaction from the defendant's act of buying the hashish from Szoka. Under the outlined facts, our Supreme Court refused to impute any knowledge to Szoka that the hashish in question would be sold pursuant to the separate arrangement between the defendant and the undercover agent. It thus found no agreement between the defendant and Szoka to sell the drug to another person.

The facts in the present case are clearly distinguishable from those analyzed by the ***Derr*** Court. CI-2 asked to purchase cocaine from Appellant while they were located at 3831 North 9th Street. Appellant immediately left and walked two and one-half blocks away to Harris. Harris and Appellant did not even speak to one another. Rather, once Harris saw Appellant, Harris immediately exited his porch and gave Appellant small items. Significantly, Appellant did not buy the drugs from Harris in that Appellant did not give cash to him. Officer Buitrago reported that Harris merely handed the objects to Appellant, who put the items in his pocket and promptly returned to North 8th Street to sell them to CI-2. Thereafter, Harris engaged in what appeared to be two drug sales of his own. On the same day that Harris was found in possession of numerous packets of cocaine, Appellant had none in his possession despite the fact that he was engaged in selling cocaine from 3831 North 8th Street. The proof adduced herein supports the factfinder's

conclusion that the evidence was sufficient to prove beyond a reasonable doubt that Harris and Appellant agreed to engage in cocaine sales together.

The facts in *Commonwealth v. Bostick*, 958 A.2d 543 (Pa.Super. 2008), are analogous to those in the present case. Therein, police observed the defendant exit 3018 North 8th Street, Philadelphia, and approach a man, whom police were never able to identify. The defendant immediately handed objects to the unknown male, who had just engaged in a drug transaction with a buyer found in possession of packets of heroin/fentanyl stamped "High class the best." *Id*. at 561. Police then watched the defendant, while standing next to this man, sell drugs twice. Those drugs were similarly-stamped packets of heroin/fentanyl. Before and after each transaction, the defendant would enter 3018 North 8th Street. Police found drugs and cash in 3018 North 8th Street, which was occupied by several individuals. We concluded that this proof was sufficient to establish the existence of a conspiracy.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/11/2016

- 8 -