## Commonwealth v. McNair

*Jacqueline M. Hamer, assistant district attorney,* for Commonwealth.

*Christopher M. Brett,* for defendant.

LUDGATE, *J.,* January 12, 2010 —

## I. FACTUAL AND PROCEDURAL HISTORY

On March 13, 2009, Jack McNair (defendant) was charged by information with Count 1, possession with intent to deliver a controlled substance (cocaine), 35 P.S. 780-113(a)(30), Count 2, conspiracy to commit possession with intent to deliver, 18 Pa.C.S. §903(a)(1)(2), Count 3, possession of a controlled substance (cocaine), 35 P.S. 780-113(a)(16), Count 4, possession of a controlled substance (marijuana), 35 P.S. 780-113(a)(16), Count 5, conspiracy to commit possession of a controlled substance, 18 Pa.C.S. §903(a)(1)(2) and Count 6, con-

spiracy to commit possession of a controlled substance, 18 Pa.C.S. §903(a)(1)(2).

On April 29, 2009, the defendant, through Attorney Douglas J. Waltman, filed an omnibus pretrial motion, in which the defendant raised a motion to suppress evidence, claiming the affidavit in support of the search warrant was overbroad and contained information which was stale. The defendant also sought suppression of statements and a pretrial writ of habeas corpus.

On May 11, 2009, Senior Judge Thomas J. Eshelman, specially presiding for this court, held a hearing on the defendant's omnibus pretrial motion. The defendant did not request transcription of the hearing; it was not transcribed. S.J. Eshelman granted the Commonwealth's motion to amend the information by withdrawing the conspiracy counts (Counts 2, 5 and 6). On June 9, 2009, S.J. Eshelman issued an opinion and order in disposition of the defendant's omnibus pretrial motion, denying the motion. In the opinion, S.J. Eshelman summarized the issuance and execution of the search warrant:

"In January 2009, the Reading Police Department began an investigation against the defendant at 351 Linden Street, Reading, Berks County, Pennsylvania, for illegal sales of crack cocaine, a Schedule II controlled substance. In that month, a confidential informant (C.I.) was present with the defendant at that address. The C.I. informed the police that the defendant was in possession of a large quantity of crack cocaine inside 351 Linden Street and was bagging the cocaine into smaller packets for street sale. The C.I. also told the police that he knew the defendant sold cocaine at several local bars in the

City of Reading, including the By-bar in the 200 block of Penn Street and Maria's Bar in the 400 block of Penn Street in Reading. On February 10, 2009, the C.I. told the police that he had been with the defendant within the last 48 hours, at the defendant's address on Linden Street and that the defendant was again in possession of at least one ounce of crack cocaine and a firearm, described as a black handgun, possibly a .45 caliber. (Commonwealth's exhibit 1.)[1]

"Thereafter, on February 10, 2009, the police went to Linden Street and knocked on the door. The defendant answered the door, wearing a bath robe. The defendant identified himself, gave his cell phone number and date of birth, and said that he lived at that address with his girlfriend, Life Page. On that date, the police also learned that the defendant had two confirmed warrants for his arrest, for harassment and for scattering rubbish. It was also learned that the defendant had a prior felony record out of New York for a robbery charge, which would prohibit him [from] possessing a firearm.

"On February 10, 2009, Criminal Investigator Ed Heim requested a search warrant. In support of his request, he signed an affidavit of probable cause, asserting the above information, as well as attesting to the reliability of the C.I. The particular C.I. was currently providing information to members of the Reading Police Department that proved to be accurate and correct. All of the information that had been received was independently verified

---

1. Although the omnibus pretrial hearing was not transcribed, the referenced exhibit appears in the bench trial transcript. N.T. of bench trial, 10/23/2009, pp. 64-69.

through the use of various investigative techniques. The information given by this C.I. to the police had resulted in the arrest and conviction of well over 75 persons for the distribution of mostly crack cocaine, marijuana and heroin. (Commonwealth's exhibit 1.)

"On February 10, 2009, District Judge Stuart Kennedy signed the search warrant authorizing the search of 351 Linden Street. The warrant, in appendix A, specifically enumerated the items to be seized, including, inter alia, controlled substances and related paraphernalia, currency and weapons, including handguns. (Commonwealth's exhibit 1.)" Opinion and order, Eshelman, S.J., 6/9/2009 pp. 2-3.

On October 23, 2009, a non-jury trial was held before this court on the remaining charges. At trial, Edward Heim testified that he is employed by the Reading Police Department, Vice Section, has been so employed for 11 years, and was so working on February 10, 2009. (N.T., bench trial, 10/23/2009, pp. 12-13.) Officer Heim was conducting an investigation into sale of cocaine at 351 Linden Street, Reading, Berks County, PA on that date. (N.T. p. 13.) Officer Heim obtained a search warrant for the address. At approximately 12 p.m. on February 10, police surveillance observed the defendant, whom Officer Heim identified in court, leaving the address. (N.T. p. 13.) The defendant was followed for several blocks, then detained by Officer Heim. (N.T. pp. 13-14.) Officer Heim transferred custody of the defendant to other officers, and then returned to 351 Linden Street. (N.T. pp. 15-16.) Officer Heim knocked on the door of 351 Linden Street three times to no answer, and then waited "a rea-

sonable amount of time." (N.T. p. 16.) Officer Heim discovered the door was unlocked; he cracked open the door "just a little bit" so his voice could penetrate inside and announced "police search warrant" to no response. (N.T. p. 16.) Upon entry, the officers discovered a female later identified as Life Page, who was then detained. (N.T. p. 16.)

The officers went to the second floor and entered the front bedroom; there, the officers initially found the driver's license and social security card of the defendant, mail addressed to him, and $435 in U.S. currency. (N.T. p. 17.) In a dresser drawer, Officer Heim discovered three grams of crack cocaine in a plastic sandwich baggie, additional currency and about 90 empty bags of unused packaging material. (N.T. pp. 17, 19.) Underneath the dresser, there was a ceramic plate with cocaine residue on it and a razor blade. (N.T. p. 17.) Also in a drawer of the dresser was a piece of cardboard which had loose marijuana on it. (N.T. p. 17.) A tied piece of yellow plastic containing marijuana and a plastic baggie of marijuana were found on a TV stand in the bedroom. (N.T. p. 17.) Officer Heim discovered no evidence of adults other than the defendant and Ms. Page living at the address. (N.T. p. 22.)

Pasquale Laporace testified that he is employed as a criminal investigator for the City of Reading Police Department, has been a police officer since 1994 and a criminal investigator since 1997. (N.T. p. 23.) Investigator Laporace was working on February 10, 2009 and was part of the entry team for execution of the search warrant for 351 Linden Street. (N.T. p. 23.) Investigator Laporace

identified the defendant as a person who was the subject of the search warrant. (N.T. pp. 23-24.) After the defendant was arrested, Investigator Laporace took him to central processing and read the defendant his *Miranda* rights, which the defendant said he understood. (N.T. p. 25.) Investigator Laporace asked the defendant if there were any drugs in his house; the defendant denied knowledge of drugs but then said he had "a little bit of crack in his bedroom" and "a few baggies." (N.T. p. 26.)

Jose Colon testified that he is a police officer for the City of Reading and has been so employed for 23 years, including 15 years with the vice narcotics unit. (N.T. p. 27.) The parties stipulated Officer Colon possesses the necessary qualifications to render an expert opinion regarding whether controlled substances are possessed with the intent to distribute. (N.T. p. 28.) Officer Colon expressed his opinion that the cocaine in this case was possessed with the intent to distribute. (N.T. p. 29.)

Following the non-jury trial, the defendant was found guilty by this court of possession of a controlled substance with intent to deliver (cocaine), 35 P.S. 780-113(a)(30), possession of a controlled substance (cocaine), 35 P.S. 780-113(a)(16) and possession of a controlled substance (marijuana), 35 P.S. 780-113(a)(16). The defendant agreed to be sentenced immediately following the verdict; a pre-sentence investigation report had already been prepared. (N.T. p. 53.) The defendant was sentenced to a total sentence of two to five years incarceration in a state facility. The defendant was represented by Attorney Waltman at trial and sentencing. No post-sentence motion was filed.

On November 18, 2009, the defendant filed a pro se notice of appeal and requested appointment of the Berks County Public Defender's office as counsel. On December 1, 2009, this court ordered the withdrawal of Attorney Waltman as counsel and the appearance of the Berks County Public Defender's office was entered. The same day, this court ordered the defendant to file a concise statement of errors complained of on appeal through new counsel within 21 days. On December 17, 2009, Attorney Christopher Brett timely filed a concise statement and requested additional time to file a supplemental concise statement after receipt of transcripts. On December 21, 2009, the court granted Attorney Brett 10 days from receipt of transcript to file a supplemental concise statement. On January 7, 2010, Attorney Brett indicated no supplemental concise statement would be filed.

## II. ISSUES RAISED BY THE DEFENDANT

"The trial court erred in denying defendant's pretrial motion to suppress evidence when the issuance of a search warrant violated defendant's constitutional protection against unreasonable search and seizure where the search warrant was not supported by probable cause under the totality of the circumstances in that (1) there is insufficient evidence upon the face of the affidavit of probable cause to determine that the information received supporting the warrant was reliable, truthful, or credible; and (2) there is insufficient evidence upon the face of the affidavit of probable cause to determine that the contraband sought would be found in the place requested to be searched and because there is no substantial nexus be-

tween the events described in the affidavit and the premises to be searched; and (3) where informant's testimony exhibited a lack of personal knowledge that alleged weapons or drugs would be found in defendant's resident [sic] at the time the warrant was issued."

## III. ANALYSIS

### 1) Reliability, Truthfulness and Credibility of Information Supporting Affidavit of Probable Cause

Pennsylvania courts employ a "totality of the circumstances" test for determining the existence of probable cause in support of the issuance of a search warrant. *Commonwealth v. Singleton,* 412 Pa. Super. 550, 551-52, 603 A.2d 1072 (1992) citing *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985). In *Gray,* the Pennsylvania Supreme Court stated

"The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simple to ensure that the magistrate had a 'substantial basis for . . . conclud[ing] that probable cause existed.' " *Gray,* 509 Pa. at 484, 503 A.2d at 925.

Probable cause in support of a warrant must be based on direct observations of the affiant or hearsay information which is reliable and the basis for which is articu-

lated in the warrant. *Commonwealth v. Weidenmoyer,* 518 Pa. 2, 539 A.2d 1291 (1988). Probable cause exists where there is a probability of criminal activity; a prima facie showing of such activity is not required. *Commonwealth v. Luton,* 448 Pa. Super. 608, 613, 672 A.2d 819, 822 (1996).

When essential information to a finding of probable cause is obtained through the use of criminal informant(s), the issuing authority determines the reliability of the informant(s) information from the facts supplied by the police official. *Commonwealth v. Gindlesperger,* 706 A.2d 1216, 1225 (Pa. Super. 1997), *affirmed,* 560 Pa. 222, 743 A.2d 898 (1999), *cert. denied,* 533 U.S. 915 (2001). The determination of reliability does not hinge upon disclosed records "regarding the track record of the informant." The affidavit must however, at a minimum, contain an averment stating the "customary" phrase that the informant has provided information which "has in the past resulted in arrests or convictions." *Id.; Commonwealth v. Dukeman,* 917 A.2d 338, 341-42 (Pa. Super. 2007).

The facts of this case show the C.I. was sufficiently reliable and credible to create probable cause to support the issuance of the search warrant. The C.I. in this case had provided information resulting in the arrest and conviction of more than 75 persons at both state and federal levels, primarily in drug distribution cases. Furthermore, police independently verified information provided by the C.I. regarding the defendant's description, address and cell phone number. (N.T., p. 68.) The contention is without merit.

*2) Lack of Substantial Nexus Between Events
Described in Affidavit of Probable Cause and
Place to be Searched; 3) Lack of Personal
Knowledge by the Informant That Drugs or
Weapons Would Be Found Upon Execution*

The affidavit in support of a search warrant is to be tested with common sense and in a realistic manner, and not subjected to overly technical interpretation. *Commonwealth v. Sharp,* 453 Pa. Super. 349, 683 A.2d 1219 (1996).

The affidavit of probable cause provides:

"In January the informant who is outlined in the body of this search warrant was present with Jack McNair at 351 Linden Street. McNair is described as a black male, 33 years old, 6' 0" tall, 170 lbs. and has a cell phone no. 610-568-2787. The informant stated that McNair was in possession of a large quantity of crack cocaine inside 351 Linden Street and was bagging the cocaine up into smaller packets for street sale. The informant knows that McNair sells the cocaine at several local bars in the City of Reading, including the By-bar 200 block of Penn Street and Maria's Bar 400 block of Penn Street. [Within] the last 48 hours the informant was with McNair at his home at 351 Linden Street. McNair was again in possession of at least one ounce of crack cocaine and a firearm." (N.T., p. 68.)

The record refutes both of the defendant's claims of error. The C.I. provided information that the defendant was in possession of a large amount of crack cocaine at his residence, 351 Linden Street, within the last 48 hours.

The search warrant was issued for 351 Linden Street, Reading, Berks County, Pennsylvania.

Counsel suggests a segregated reading of the affidavit, wherein each sentence is given independent meaning unto itself. Because no single sentence says the C.I. saw the defendant in possession of crack at his residence within a given time period, counsel argues the affidavit is defective. Such an interpretation ignores the plain meaning of the affidavit as a whole and is the type of overly technical interpretation prohibited by *Sharp*. Both claims are without merit.

For all the above-mentioned reasons, the court respectfully requests the defendant's appeal be denied.