J-S69007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| STAN RYALS | |
| Appellee | No. 2355 EDA 2013 |

Appeal from the Order Entered July 10, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014654-2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

MEMORANDUM BY GANTMAN, P.J.:            **FILED JANUARY 16, 2015**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Philadelphia County Court of Common Pleas, which granted Appellee, Stan Ryal's, motion to suppress.  We reverse and remand for further proceedings.

The trial court opinion sets forth the relevant facts and procedural history of this case as follows:

> On July 10 2013, [Appellee's] counsel presented a Motion to Suppress Physical Evidence which was filed on June 14, 2013[,] related to a search warrant issued upon information allegedly derived from anonymous [citizens'] complaints, in conjunction with information obtained from a confidential informant as well as police observation of an alleged street drug transaction.
>
> The Affidavit of Probable Cause is silent as to when the alleged complaints were received from the citizens or when information received from an informant was obtained prior

to the application for issuance of the warrant. …

[The suppression] [c]ourt found that under the U.S. Supreme Court's "totality of the circumstances" test set forth in *Illinois v. Gates*, 462 U.S. 213, 238-239 (1983), probable cause did not exist in order to issue a search warrant. Based upon the information contained in the warrant, [the suppression] [c]ourt determined that the affidavit failed to establish any nexus between the observed drug transaction and the residence.

Accordingly, [the suppression] [c]ourt granted [Appellee's] motion and suppressed all evidence obtained against [Appellee] stemming from the unlawful search. …

The Affidavit of Probable Cause prepared by Police Officer Galazka stated:

I, P/O Galazka #7481, your affiant, am presently assigned to Narcotic Field Unit South. I have been a sworn Police Officer since Jan. of 1995. In my capacity as a Police Officer, I have been assigned to the Narcotics Bureau since 1999. In my course of assignment as a Police Officer, I have been involved in an excess of 2000 narcotic arrests. Since being assigned to the Narcotic Bureau, I have worked numerous investigations for violations of the Pennsylvania Controlled Substance Act of 1972. My involvement in these investigations has entailed surveillances, undercover purchases, and the preparation of search and seizure warrants by myself. I have received specialized narcotics-related training given by the Philadelphia Police Department. I have also been trained in courses given by the DEA. My training and experience have made me familiar with the ways in which narcotics are packaged for sales on the street and from houses for illegal sales and distribution. I have received training in the handling of confidential informants being utilized for the purpose of undercover investigations.

On 10-19-12[,] your affiant interviewed P/O O'Neill #5786 and P/O Gorman #3778 of the 3rd district,

who stated the following:

P/O O'Neill #5786 and P/O Gorman #3778 received information from numerous citizen complaints that heroin and crack cocaine is being distributed from 532 Mifflin St. by a [black male] name[d] [Appellee].

On 10-19-12[,] at approx. 9:17am, while working the 8am x 4pm tour of duty and on patrol in the area of the 500 block of Mifflin St., they observed a white female (later [identified] as Samantha Kerns), who was riding her bicycle and stopped at 532 Mifflin St., where she met with a heavyset [black male] known as [Appellee]. Kerns and [Appellee] had a brief conversation and Kerns handed [Appellee] [United States Currency;] [Appellee] then handed a small object to Kerns. Kerns noticed the Police and began to ride her bicycle [westbound] on Mifflin St. Police stopped Kerns in the 1900 block of S. 7th Street and she handed the officers (1) one small clear plastic baggie containing a blue glassine packet with the word "Bugatti" stamped on it in red ink, containing a white powdery substance, alleged heroin, which she had in her right hand. Det. Farrell #9243 conducted a field sobriety test with positive results for heroin. The narcotics were placed on PR#3059924.

Your Affiant, P/O Brown #2962 and P/O Rich #9843 also received information from a reliable confidential informant 01101 that [Appellee is] distributing and storing heroin inside of 532 Mifflin St.

On 10-19-12[,] P/O Brown conducted a check of the Philadelphia Police arrest photo database, which revealed a photo of [Appellee] with a PPN 651845. P/O O'Neill positively [identified] this photo as the person who sold the heroin to Samantha Kerns.

On 10-16-12[,] the 3rd district responded to an attempted fire bombing at 532 Mifflin St. While at 532 Mifflin St. police could smell a strong odor of gasoline and a window was broken, where an unknown person attempted to throw a fire bomb.

Based on the above facts and circumstances your Affiant respectfully requests a daytime search and seizure warrant for 532 Mifflin St.

(Trial Court Opinion, filed February 4, 2014, at 1-4) (some citations and quotation marks omitted). Appellee based his suppression motion on the claim that the search warrant failed to establish probable cause. On July 10, 2013, the suppression court granted the motion and suppressed all physical evidence obtained as a result of the search warrant. On August 8, 2013, the Commonwealth timely filed a notice of appeal[1] and a voluntary concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

The Commonwealth raises the following question for our review:

DID THE [SUPPRESSION] COURT ERR BY SUPPRESSING EVIDENCE SEIZED PURSUANT TO A SEARCH WARRANT FROM 532 MIFFLIN STREET WHERE THE POLICE CORROBORATED REPORTS OF DRUG DEALING FROM BOTH NUMEROUS CONCERNED CITIZENS AND A CONFIDENTIAL INFORMANT BY OBSERVING [APPELLEE] SELLING HEROIN AT THAT LOCATION?

(Commonwealth's Brief at 3).

When the Commonwealth appeals from a suppression order, the relevant scope and standard of review are:

---

[1] The Commonwealth's notice of appeal certifies that the court's order granting Appellee's motion to suppress terminates or substantially handicaps the prosecution. *See* Pa.R.A.P. 311(d); ***Commonwealth v. Huntington***, 924 A.2d 1252, 1254 n.1 (Pa.Super 2007) (stating: "The Commonwealth may take an appeal as of right from an order that does not end the entire case if the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution").

[We] consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. As long as there is some evidence to support them, we are bound by the suppression court's findings of fact. Most importantly, we are not at liberty to reject a finding of fact which is based on credibility.

The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

***Commonwealth v. Goldsborough***, 31 A.3d 299, 305 (Pa.Super. 2011), *appeal denied*, 616 Pa. 651, 49 A.3d 442 (2012) (internal citations and quotation marks omitted).

The Commonwealth argues Appellee's motion to suppress should have been denied. The Commonwealth contends numerous citizens, who identified Appellee by name, complained Appellee was selling heroin out of 532 Mifflin Street. The Commonwealth alleges a confidential informant ("CI"), who was identified in the affidavit of probable cause by registration number, corroborated these reports when the CI told police Appellee was distributing and storing heroin inside 532 Mifflin Street. The Commonwealth also asserts police surveillance of 532 Mifflin Street further corroborated the citizens' and CI's reports, when police observed a woman on bicycle stop at 532 Mifflin Street and purchase heroin from Appellee, who was later identified from a police photo database. The Commonwealth claims, under the totality of the circumstances, that it was reasonably probable Appellee

was storing narcotics and/or the proceeds from drug sales at 532 Mifflin Street, and there was a substantial basis upon which the magistrate could reach this conclusion and issue the warrant. The Commonwealth maintains the suppression court improperly viewed each piece of evidence in isolation. The Commonwealth concludes we should reverse the suppression court's order. We agree.

"The linch-pin that has been developed to determine whether it is appropriate to issue a search warrant is the test of probable cause." *Commonwealth v. Clark*, 611 Pa. 601, ___, 28 A.3d 1284, 1288 (2011). "In determining whether the warrant is supported by probable cause, the magistrate may not consider any evidence outside the four-corners of the affidavit." *Commonwealth v. Ryerson*, 817 A.2d 510, 513 (Pa.Super. 2003) (quoting *Commonwealth v. Sharp*, 683 A.2d 1219, 1223 (Pa.Super. 1996)). "Probable cause exists where the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a [person] of reasonable caution [to believe] that a search should be conducted." *Clark, supra* at ___, 28 A.3d at 1288 (citation omitted). Additionally,

> the question of whether probable cause exists for the issuance of a search warrant must be answered according to the "totality of the circumstances" test articulated in *Commonwealth v. Gray*, 509 Pa. 476, 503 A.2d 921 (1985), and its Pennsylvania progeny, which incorporates the reasoning of the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The task of the magistrate acting as

the issuing authority is to make a practical, common sense assessment of whether, given all the circumstances set forth in the affidavit, a fair probability exists that contraband or evidence of a crime will be found in a particular place.   A search warrant is defective if the issuing authority has not been supplied with the necessary information.   The chronology established by the affidavit of probable cause must be evaluated according to a common sense determination.

*Huntington, supra* at 1255 (some citations and quotation marks omitted).

"Probable cause is based on a finding of the probability, not a *prima facie* showing of criminal activity, and deference is to be accorded a magistrate's finding of probable cause." ***Commonwealth v. Ryerson***, 817 A.2d 510, 514 (Pa.Super. 2003).  "The duty of the reviewing court is simply to verify that the issuing magistrate had a substantial basis for concluding that probable cause existed." ***Huntington, supra*** at 1255.  Moreover, the reviewing court must "consider the affidavit in its entirety, giving significance to each relevant piece of information and balancing the relative weights of all the various indicia of reliability (and unreliability)" rather than judge "bits and pieces of information in isolation…." ***Clark, supra*** at ___, 28 A.3d at 1289 (holding: "lower courts failed to look at the information as a whole, but examined and considered individual factors in a mechanical fashion, effectively nullifying the mandate to assess the totality of the circumstances").

"In assessing an informant's reliability, a presumption exists that the information is trustworthy when it has been provided by an identified

witness." ***Huntington, supra*** at 1255. "[A] totality-of-the-circumstances analysis permits a balanced assessment of the relative weights of all the various indicia of reliability and unreliability attending an informant's tip." ***Clark, supra*** at \_\_\_, 28 A.3d at 1288 (citing ***Gates, supra*** at 234, 103 S.Ct. at 2330, 76 L.Ed.2d at \_\_\_). "A [confidential informant's] veracity and basis of knowledge are but factors among the totality of the circumstances[.]" ***Clark, supra*** at \_\_\_, 28 A.3d at 1288.

> [A]n informant's tip may constitute probable cause where police independently corroborate the tip, or where the informant has provided accurate information of criminal activity in the past, or where the informant himself participated in the criminal activity. The corroboration by police of significant details disclosed by the informant in the affidavit of probable cause meets the ***Gates*** threshold.

***Id.*** (citations omitted).

Furthermore, "[a]n affidavit of probable cause must include facts from which a magistrate can determine the time frame within which the supporting information was acquired." ***Sharp, supra*** at 1223 (citation omitted). "A search warrant is defective if the issuing authority is not supplied with a time frame upon which to ascertain when the affiant obtained the information from the informant and when the informant himself witnessed the criminal acts detailed in the affidavit of probable cause." ***Id.*** "[S]tale information cannot provide probable cause in support of a warrant." ***Commonwealth v. Hoppert***, 39 A.3d 358, 363 (Pa.Super. 2012) (quoting ***Commonwealth v. Janda***, 14 A.3d 147, 158 (Pa.Super. 2011)) (quotation

marks omitted). Nevertheless, "[a] showing that criminal activity is likely to have continued up to the time of the issuance of a warrant renders otherwise stale information viable." **Commonwealth v. Jones**, 542 Pa. 418, 427, 668 A.2d 114, 118 (1995).

Instantly, the magistrate had a substantial basis to conclude, under the totality of the circumstances, there was probable cause to support a search warrant for 532 Mifflin Street. **See Huntington, supra**. The CI's information was presumptively trustworthy because the affidavit of probable cause identified the CI by registration number, stated the CI was reliable, and included the date the CI provided information to the police. **See Huntington, supra**. The police also independently corroborated the CI's information, that Appellee was distributing and storing heroin inside 532 Mifflin Street, when the police observed Appellee sell heroin in front of 532 Mifflin Street. **See Clark, supra**. Moreover, the affidavit's failure to include the dates the citizens' observed Appellee's illegal activity and relayed that information to the police did not render the search warrant defective. An attempted firebombing at 532 Mifflin Street on October 16, 2012, further indicated a likelihood that criminal activity continued to occur up to the time the search warrant was issued on October 19, 2012. **See Jones, supra**. This incident rendered the citizens' arguably stale information sufficiently viable to permit the magistrate to determine the time frame within which the illegal activity occurred or was occurring. **See id.**; **Sharp, supra**.

Therefore, under the totality of the circumstances, the magistrate properly determined the affidavit of probable cause contained sufficient information to support the search warrant. Accordingly, we reverse the suppression court's order and remand for further proceedings. *See Huntington, supra* at 1259 (stating suppression or exclusion of evidence is most extreme remedy that can be justified only when it is necessary to vindicate fundamental rights or to correct or deter police abuse).

Order reversed; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015