J-S04029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RASHEEN SIMMONS | |
| Appellant | No. 1947 EDA 2019 |

Appeal from the PCRA Order entered June 6, 2019
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0001013-2016

BEFORE:  BENDER, P.J.E., STABILE, and MURRAY, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 4, 2020**

Appellant, Rasheen Simmons, appeals from the June 6, 2019 order entered in the Court of Common Pleas of Monroe County denying his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Following review, we affirm.

The PCRA court provided the following factual background:

On February 23, 2016, Detective Ryan Venneman and Detective/Corporal Lucas Bray of the Pocono Mountain Regional Police Department ("PMRPD") responded to a burglary reported by Michael and Edward Bartell.  Michael Bartell is the grandson of Edward Bartell.  The Bartells reported that a red Canon T 5 Rebel camera with strap and carrying case were stolen from the [Bartell] residence along with two black photo lenses, a battery charger and other camera accessories.

During their investigation, Detective Venneman and Corporal Bray were contacted by a confidential informant (CI) who had previously provided verified and credible information.  The CI informed them that shortly after the robbery was reported, [Appellant] was in possession of a red Canon T 5 Rebel camera, a

carrying case and other photo accessories. [Appellant] advised the CI that he was present at the time of the robbery; however, he was not an active participant. Based on this information, Detective Venneman and Corporal Bray determined that the [Summit Avenue] address the CI had given was the same address listed for [Appellant] in J-NET. They obtained a search warrant which was executed on [Appellant's Summit Avenue] home on March 1, 2016. During the search, drugs and a weapon [were] recovered and there were several children present in the home.

As a result, [Appellant] was charged in docket 1013 CR 2016 with Possession of Firearm, Prohibited, 18 Pa.C.S.A. § 6105(a)(1), [F2]; Criminal Conspiracy to Possess a Firearm, Prohibited, 18 Pa.C.S.A. § 903, [F2]; [three counts of] Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver ("PWID"), [one each for crack cocaine, powder cocaine, and Molly ("MDMA"), all felonies under 35 P.S. § 780-113(a)]; Criminal Conspiracy to commit possession with the intent to deliver a controlled substance, Prohibited, 18 Pa.C.S.A. § 903, [F]; Criminal Conspiracy with Zugeil Maldonado to commit endangering welfare of child ["EWOC"]—R.S., R.S., R.S., R.S., and J.S., 18 Pa.C.S.A. § 4304(a)(1), [F3]; Criminal Use of Communication Facility, 18 Pa.C.S.A. § 7512(a) [F3]; 3 counts of Intentional Possession of Controlled Substance by Person not registered, to wit: crack cocaine, powder cocaine and Molly, 35 [P.S.] § 780-113(a)(16), [M]; and Use/Possession of Drug Paraphernalia, to wit: packaging and scales, 35 [P.S.] § 780-113(a)(32), [M].

PCRA Court Opinion and Order, 6/6/19, at 1-3 (footnote and some capitalization omitted).

Appellant filed an omnibus pre-trial motion on August 31, 2016 seeking, inter alia, suppression of an involuntary confession and *habeas corpus* relief, claiming the Commonwealth failed to establish a *prima facie* case on the charges involving person not to possess firearms, possession, and possession with intent to deliver. Following a hearing, the court denied Appellant's motion. **See** Order, 3/24/17.

- 2 -

At the conclusion of a trial conducted on June 12 and 13, 2017, the jury found Appellant guilty of the three felony counts of PWID, criminal conspiracy to commit PWID, five counts of EWOC, criminal use of a communication facility, three counts of intentional possession of a controlled substance, and use/possession of drug paraphernalia. The jury acquitted Appellant of the remaining charges.

With the benefit of a pre-sentence investigation report, the court sentenced Appellant on September 8, 2017 to an aggregate term of incarceration of 66 to 132 months, with time credit running from March 1, 2016. Appellant filed a motion for reconsideration on September 18, 2017. The court denied the motion on September 25, 2017. Appellant did not file a direct appeal.

On August 30, 2018, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed and subsequently filed an amended petition on Appellant's behalf.

Following a hearing on February 4, 2019, the PCRA court denied the petition in all respects with the exception of granting Appellant's request that his direct appeal rights from his September 8, 2017 judgment of sentence be reinstated. The court authorized Appellant to file a direct appeal within thirty days of the order, Opinion and Order, 6/6/19, at 16, and Appellant timely filed

a direct appeal *nunc pro tunc*.[1]   He also filed this timely appeal challenging

the court's denial of his amended PCRA Petition.  Both Appellant and the PCRA

court complied with Pa.R.A.P. 1925.

Appellant asks us to consider five issues in this appeal:

1.      Whether the trial court erred as a matter of law and abused its discretion in failing to find counsel was ineffective in failing to request suppression of evidence based upon a flawed search warrant?

2.      Whether the trial court erred as a matter of law and abused its discretion in failing to find counsel was ineffective in failing to request a **Franks**[2] hearing based upon false statements in the affidavit which led to the search warrant?

3.      Whether the trial court erred as a matter of law and abused its discretion in failing to find counsel was ineffective in failing to request suppression of evidence based upon fruit of the poisonous tree?

4.      Whether the trial court erred as a matter of law and abused its discretion in failing to find counsel was ineffective in failing to request dismissal of the charges based upon illegally obtained evidence?

_____

[1] Appellant's appeal *nunc pro tunc* is docketed at 1948 EDA 2019.

[2] **Franks v. Delaware**, 438 U.S. 154 (1978).  As per our Supreme Court recognized in **Commonwealth v. Iannoccio**, 480 A.2d 966 (Pa. 1984):

[**Franks**] held that, where a defendant makes a substantial preliminary showing that a false statement was **knowingly and deliberately, or with reckless disregard for the truth**, included by an affiant in his application for a search warrant and where the alleged false statement was necessary to a finding of probable cause, the Fourth Amendment requires that a hearing be held at defendant's request so that he might challenge the veracity and integrity of the warrant.

**Id.** at 974 n.4 (emphasis added).

> 5.      Whether the trial court erred as a matter of law and abused its discretion in failing to find counsel was ineffective in failing to request suppression of evidence recovered which exceeded the scope of the warrant?

Appellant's Brief at 5-6.

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723 (Pa. 2003) (citation omitted).   To prevail on a claim of ineffective assistance of counsel, a petitioner must plead and prove:  (1) that the underlying issue is of arguable merit; (2) that counsel had no reasonable strategic basis for the action or inaction; and (3) that counsel's error prejudiced the petitioner, such that the outcome of the underlying proceeding would have been different but for counsel's error.  *Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014).  We presume that counsel was effective, and the petitioner bears the burden of proving otherwise.  *Id.* at 311.  A petitioner's failure to prove any of the three prongs is fatal to the petition.  *Id.*

In his first two issues, Appellant attacks the search warrant itself and argues PCRA court error for failure to find trial counsel ineffective with respect to the warrant.  "In these claims, [Appellant] argues that his trial counsel was ineffective for failing to: request suppression of evidence based upon a flawed search warrant [and] failing to request a *Franks* Hearing."   PCRA Court Opinion and Order, 6/6/19, at 7.

- 5 -

At trial, the detective who applied for the search warrant testified that he received a report of a burglary at the Bartell residence where Michael Bartell ("Michael") lived with his grandparents. Michael said he heard someone in the kitchen of the home and told his grandmother he would go downstairs to investigate. When he arrived downstairs, he was confronted by a black male who pushed Michael into a glass table before leaving the home. Michael claimed he chased the male outside and, after being put into a headlock, he was hit by another black male. Both males ran from the Bartell home in the direction of Summit Avenue. Notes of Testimony, Trial, 6/12/17, at 64-65.

On follow-up with Michael's grandfather, the detective learned the serial number of the Canon camera and asked for information relating to the purchase of the camera. The detective subsequently received information from a neighbor indicating she heard about the burglary and was aware a camera was stolen. "And she saw [Appellant] with that camera or a camera similar to that. And that she spoke to [Appellant] about it and he said he got it from a burglary at the Bartell residence." *Id.* at 66-67. The detective spoke with the neighbor's husband as well. *Id.* at 67. The detective then applied for a search warrant for "[t]he camera, [] the carrying case for it, the camera strap, the batteries for it, the SD card, USB cables, the manual software for it, as well as rope similar to the rope that [police] found in the roadway, and black-colored gloves." *Id.* at 68.

It was subsequently determined that Michael staged the burglary. Therefore, Appellant claimed the information detailing the burglary set forth in the first four paragraphs of the warrant was untrue, leaving only information obtained from a confidential informant who, as noted above, informed officers that Appellant was in possession of a red Canon T 5 Rebel camera, carrying case, and other accessories.

As the Commonwealth observes:

> Although police later learning that Michael Bartell had provided false information regarding the robbery, this does not change the fact that Edward Bartell was deprived of his property and a burglary occurred at his residence. It only changed the manner in which the circumstances occurred.
>
> Further, [Appellant] has not made a single showing that police deliberately included false information in the affidavit. In fact the opposite is true. The record demonstrates that corroborative evidence of a home invasion was located when police initially investigated. Had a Franks hearing occurred, the information available would have shown that police located tool marks on the back door of the residence (indicating a forced entry), a television which was moved from its stand, broken glass on the floor, and while canvassing the area where the suspects were last seen, police found nylon rope and black gloves. This was all consistent with the information provided regarding the home invasion. Further, the CI provided information to [the detective] that corroborated the home invasion and [Appellant] was in possession of the stolen items.

Commonwealth Brief at 9 (emphasis in original; some capitalization omitted).

As the PCRA court explained, Appellant argues "the first four paragraphs of the affidavit of probable cause for the search warrant are untrue which leaves only the information by the CI." PCRA Court Opinion and Order, 6/6/19, at 8. "In analyzing whether a warrant was supported by probable

cause, judicial review is confined to the four corners of the affidavit."

***Commonwealth v. Coleman***, 830 A.2d 554, 560 (Pa. 2003).

> "Probable cause to issue a search warrant has been defined as those facts reasonably necessary to show (1) that the items sought are connected with criminal activity, and (2) that the items will be found in the place to be searched." ***Commonwealth v. Gray***, 469 A.2d 169, 173 (Pa. Super. 1983) (citation omitted). "In determining whether probable cause exists to issue a search warrant, . . . [a] 'totality of the circumstances' test as set out in ***Illinois v. Gates***," should be applied. 462 U.S. 213 (1983). ***Commonwealth v. Sharp***, 683 A.2d 1219, 1223 (Pa. Super. 1996) (citation omitted).

PCRA Court Opinion and Order, 6/6/19, at 8.

As the PCRA court recognized, a warrant based on a deliberate or knowing misstatement of fact would be invalid. Further, under ***Franks*** and ***Iannoccio***, ***supra***, if Appellant made a substantial preliminary showing that the false statement was knowingly and deliberately made and was necessary to establish probable case, Appellant would be entitled to a hearing to challenge the veracity of the warrant. Neither of those situations exists here. The affiant of the warrant did not make any deliberate or knowing misstatement of fact and Appellant did not establish that the affiant made a deliberate or knowing false statement. Rather, the statements were based on the affiant-detective's investigation and the information obtained from Michael, Michael's grandfather, and neighbors with first-hand knowledge of Appellant's possession of the camera and accessories.

Based on the totality of the circumstances, we conclude the PCRA court correctly determined there was probable cause to issue the warrant. Because

Appellant has not established either his claim of a flawed warrant or his assertion of entitlement to a *Franks* hearing, he has not carried the burden of showing either of his first two issues is of arguable merit or adversely affect the outcome of the proceedings. Appellant has not established trial counsel ineffectiveness for failing to seek suppression based on either claim. Therefore, the PCRA court did not commit error of law. Appellant's first and second issues fail.

In his third issue, Appellant contends his counsel was ineffective for failing to suppress evidence that constituted fruit of the poisonous tree. In his fourth issue, he argues that the evidence was illegally obtained. As the PCRA court recognized, "Evidence constitutes fruit of the poisonous tree, and must be suppressed, if it was obtained by 'exploitation' of the illegality." PCRA Court Opinion and Order, 6/6/19, at 13 (*quoting Commonwealth v. Shabezz*, 166 A.3d 278, 290 (Pa. 2017) (additional citation omitted)). As explained above, Appellant failed to demonstrate that the evidence was obtained by means of an illegal warrant. Therefore, there is no "fruit of the poisonous tree" and Appellant has not proven the evidence was illegally obtained. There is no arguable merit to Appellant's third or fourth claims. Therefore, the PCRA court did not commit error in failing to find counsel ineffective.

Finally, Appellant asserts the PCRA court erred because it did not find trial counsel ineffective for failing to seek suppression of evidence recovered beyond the scope of the search warrant. Appellant argues that once the police

recovered the camera, camera case, and accessories, there was no reason to continue the search, especially a search of small containers. However, the search warrant included small items, such as a battery, SD memory cards, and other items that could have been located in the small containers. We agree with the PCRA court that the search did not exceed the scope of the warrant. Therefore, trial counsel was not ineffective for failing to seek suppression of the evidence obtained. Further, Appellant failed to demonstrate that the claim was of arguable merit or that trial counsel's actions adversely affected the outcome of the proceedings. The PCRA court did not commit error of law for failing to find trial counsel ineffective.

Each of Appellant's issues lacks merit. Because the PCRA court's factual findings in addressing Appellant's issues are supported by the record and its conclusions are free of legal error, we shall affirm the June 6, 2019 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/04/2020